1  **WO**                                                                                      RP

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9  Edward Charles Johnson,               )    No. CV 08-9-PHX-MHM (GEE)
                                          )
10              Plaintiff,                )    **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
   Dora B. Schriro, et al.,               )
13                                        )
                                          )
14              Defendants.               )
   _____      )
15

16         On January 2, 2008, Plaintiff Edward Charles Johnson, who is confined in the Arizona

17  State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C.

18  § 1983 (Doc. #1). Plaintiff did not immediately pay the $350.00 civil action filing fee or file

19  an Application to Proceed *In Forma Pauperis*.

20         By Order filed January 15, 2008 (Doc. #3), the Court gave Plaintiff 30 days from the

21  filing date of the Order to pay the fee or file a completed Application to Proceed *In Forma*

22  *Pauperis* and a certified six-month trust account statement from the Central Office of the

23  Arizona Department of Corrections (ADOC).

24  **I.     Applications to Proceed *In Forma Pauperis* and Filing Fee**

25         On January 31, 2008, Plaintiff filed an Application to Proceed *In Forma Pauperis*

26  (Doc. #4) and a "Certified Statement Of Account" from the ADOC's Central Office, which

27  will be granted. On May 8, 2008, Plaintiff filed another Application to Proceed *In Forma*

28

**JDDL-K**

*Pauperis* (Doc. #5) and a "Certified Statement Of Account" from the ADOC's Central Office, which will be denied as moot.

Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $4.86.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula..

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III.    Complaint**

Named as Defendants in the Complaint are: (1) Dora B. Schriro, ADOC Director; (2) Rollins, Northern Region Operations, Rynning Unit, Arizona State Prison Complex-Eyman (ASPC-Eyman); (3) Kimble, Deputy Warden, Supervisor, Rynning Unit, ASPC-Eyman; (4)

Zaborsky, Supervisor, Corrections Officer (CO) IV, Rynning Unit, ASPC-Eyman; (5) Rice, Counselor, CO III, Rynning Unit, ASPC-Eyman; (6) Long, Supervisor Security, Captain, Rynning Unit, ASPC-Eyman; (7) Fansler, Grievance Coordinator, CO III, Rynning Unit, ASPC-Eyman; (8) Werts, Grievance Coordinator, CO III, Rynning Unit, ASPC-Eyman; (9) Stewart, Complex Warden, Rynning Unit, ASPC-Eyman; (10) Baltierra, Acting Complex Warden, Rynning Unit, ASPC-Eyman; and (11) Nepo, Parole Officer, Community Supervisor.

Plaintiff alleges three counts in the Complaint.  In Count I, Plaintiff claims his Eighth Amendment rights were violated when  Sergeant (Sgt.) Hook yelled "racial profanities" at a group of black inmates lined up for dinner and when he told Plaintiff to "bring it on Nigger, while verbally and physically assaulting" Plaintiff by pressing his finger numerous times against Plaintiff's nose and chest.

In Count II, Plaintiff claims that his Eighth Amendment rights were violated when Defendants Rice, Fansler, Kimble, Stewart, Zaborsky, Werts, Stewart and Rollins retaliated against Plaintiff for filing a formal grievance regarding Sgt. Hook's racial slurs and physical assault on Plaintiff.  Plaintiff claims that these Defendants threatened him verbally and in writing with disciplinary action if he continued to pursue his formal grievance.  Plaintiff further claims that Defendant Schriro knew about, and failed to stop, the retaliation.  Plaintiff also claims that when he arrived at the Parole Office following his release on community supervision, Defendant Nepo claimed that Plaintiff assaulted a female family member and sent Plaintiff back to prison "in retaliation."

In Count III, Plaintiff claims that his Eighth Amendment rights were violated when Defendants Schriro, Kimble, Zaborsky, Fansler, Stewart, and Long failed to take action to halt the racial slurs and physical assaults by Sgt. Hook.

Plaintiff seeks a trial, punitive monetary damages, and the appointment of an attorney.

**IV.   Failure to State a Claim**

    **A.   Count I**

In Count I, Plaintiff claims that his Eighth Amendment rights were violated when

1    Sergeant (Sgt.) Hook yelled "racial profanities" at a group of black inmates, including

2    Plaintiff, who were lined up for dinner and when he told Plaintiff to "bring it on Nigger,

3    while verbally and physically assaulting" Plaintiff by pressing his finger numerous times

4    against Plaintiff's nose and chest.

5        With regard to Plaintiff's claim that Defendant Hook used racial profanities and slurs,

6    the Court notes that verbal harassment or abuse, including the use of racial epithets, is

7    insufficient to state a claim under the Eighth Amendment.  Oltarzewski v. Ruggiero, 830

8    F.2d 136, 139 (9th Cir.1987).  In fact, even threats of bodily injury are insufficient to state

9    a claim under the Eighth Amendment.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987).

10   Although racial slurs are repugnant, their use does not constitute cruel and unusual

11   punishment.

12       Plaintiff's claim that Sgt. Hook physically assaulted him by pressing his finger against

13   Plaintiff's nose and chest also fails to state a claim under the Eighth Amendment.  "[A]fter

14   incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and

15   unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312,

16   319 (1986).  In Hudson v. McMillian, 503 U.S. 1 (1992), the Supreme Court emphasized that

17   not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id

18   at 9 (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973).  Also, "[t]he Eighth

19   Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from

20   constitutional recognition *de minimis* uses of physical force, provided that the use of force

21   is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10 (quoting

22   Whitley, 475 U.S. at 327 (internal quotation marks and citation omitted)).

23       Here, it is obvious to the Court that the physical force used, that of pressing a finger

24   against Plaintiff's nose and chest, was at most a *de minimis* use of force, and that this use of

25   force was not of a sort "repugnant to the conscience of mankind."

26       For the above reasons, Count I will be dismissed for failure to state a claim for relief

27   upon which relief may be granted.

28       **B.    Count II**

1    In Count II, Plaintiff claims that his Eighth Amendment rights were violated when
2  Defendants Rice, Fansler, Kimble, Stewart, Zaborsky, Werts, Stewart and Rollins retaliated
3  against Plaintiff for filing a formal grievance regarding Sgt. Hook's racial slurs and physical
4  assault on Plaintiff.  Plaintiff claims that these Defendants threatened him verbally and in
5  writing with disciplinary action if he continued to pursue his formal grievance.  Plaintiff
6  further claims that Defendant Schriro knew about, and failed to stop, the retaliation.  Plaintiff
7  also claims that when he arrived at the Parole Office following his release on community
8  supervision, Defendant Nepo claimed that Plaintiff assaulted a female family member and
9  sent Plaintiff back to prison "in retaliation."

10    "A prisoner suing prison officials under section 1983 for retaliation must allege that
11  he was retaliated against for exercising his constitutional rights and that the retaliatory action
12  does not advance legitimate penological goals, such as preserving institutional order and
13  discipline." Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994).  Thus, to succeed on
14  the merits of a retaliation claim, a prisoner must demonstrate that he was retaliated against
15  for exercising his constitutional rights, and he must also demonstrate that the retaliatory
16  action does not advance a legitimate penological goal, or is not narrowly tailored to achieve
17  that goal.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

18    Plaintiff has not alleged in Count II that the actions of Defendants Rice, Fansler,
19  Kimble, Stewart, Zaborsky, Werts, Stewart and Rollins did not advance a legitimate
20  penological goal.

21    Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519
22  (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board
23  of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson,
24  612 F.2d 766, 772 (3d Cir. 1979).  Further, a liberal interpretation of a civil rights complaint
25  may not supply essential elements of the claim that were not initially pled.  Ivey, 673 F.2d
26  at 268.

27    Plaintiff's claim that Defendant Schriro knew about, and failed to stop, the retaliation
28  is too conclusory and vague to state a claim upon which relief may be granted.  Plaintiff does

1  not allege how Defendant Schriro knew about the retaliation or the extent to which she was

2  aware of it.  Likewise, Plaintiff's claim that Defendant Nepo sent Plaintiff back to prison "in

3  retaliation" is both conclusory and vague.  Plaintiff does not even give a constitutional reason

4  for Defendant Nepo's retaliation.

5  Most importantly, the only injury that Plaintiff alleges in Count II is that the actions

6  of the Defendants caused him "mental distress" and "humiliation."  These types of injuries

7  are insufficient to support an Eighth Amendment claim.

8  Accordingly, for the above reasons, Count II will be dismissed for failure to state a

9  claim for relief upon which relief may be granted.

10  **C.      Count III**

11  In Count III, Plaintiff claims that his Eighth Amendment rights were violated when

12  Defendants Schriro, Kimble, Zaborsky, Fansler, Stewart, and Long failed to take action to

13  halt the racial slurs and physical assaults by Sgt. Hook.  However, the Court has already

14  found in Count I that Sgt. Hook's actions did not violate the Eighth Amendment, and

15  therefore, the failure of the above-listed Defendants to halt Sgt. Hook's actions cannot be a

16  violation of the Eighth Amendment.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987)

17  (state officials are subject to suit under § 1983 only if "they play an affirmative part in the

18  alleged deprivation of constitutional rights.").

19  Accordingly, Count III will be dismissed for failure to state a claim for relief upon

20  which relief may be granted.

21  **V.     Leave to Amend**

22  For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

23  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

24  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

25  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

26  to use the court-approved form, the Court may strike the amended complaint and dismiss this

27  action without further notice to Plaintiff.

28  Plaintiff must clearly designate on the face of the document that it is the "First

Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

In any amended complaint, Plaintiff must write out short, plain statements telling the Court (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  If the person named as a defendant was a supervisory official, Plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or Plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm to Plaintiff (and tell the Court some facts to support this claim).  King, 814 F.2d at 568.

Plaintiff must repeat this process for each person he names as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King, 814 F.2d at 567.

**VI.    Request for the Appointment of Counsel**

In his request for relief in the Complaint, Plaintiff seeks the appointment of an attorney to represent him.  There is no constitutional right to appointment of counsel in a civil

1    case.  See Ivey, 673 F.2d at 269; Randall v. Wyrick, 642 F.2d 304 (8th Cir. 1981).  The

2    appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional

3    circumstances" are present.  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

4         A determination with respect to exceptional circumstances requires an evaluation of

5    the likelihood of success on the merits as well as the ability of Plaintiff to articulate his

6    claims pro se in light of the complexity of the legal issue involved.  Id.  "Neither of these

7    factors is dispositive and both must be viewed together before reaching a decision."  Id.

8    (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

9         Having considered both elements, it does not presently appear that exceptional

10   circumstances are present that would require the appointment of counsel in this case.

11   Accordingly, Plaintiff's request for the appointment of counsel will be denied.

12   **VII.   Warnings**

13        **A.    Release**

14        Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

15   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

16   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

17   in dismissal of this action.

18        **B.    Address Changes**

19        Plaintiff must file and serve a notice of a change of address in accordance with Rule

20   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

21   relief with a notice of change of address.  Failure to comply may result in dismissal of this

22   action.

23        **C.    Copies**

24        Plaintiff must submit an additional copy of every filing for use by the Court.  See

25   LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

26   to Plaintiff.

27        **D.    Possible "Strike"**

28        Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #4) is **granted**.

(2)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #5) is **denied as moot**.

(3)    As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is assessed an initial partial filing fee of $4.86.

(4)    Plaintiff's request in the Complaint for the appointment of counsel is **denied**.

(5)    The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(6)    **If** Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

//

//

1    (7)    The Clerk of Court **must mail** Plaintiff a court-approved form for filing a civil

2   rights complaint by a prisoner.

3    DATED this 10th day of July, 2008.

4

5

6

7    Mary H. Murguia
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
(Full Name of Plaintiff)             )
     Plaintiff,       )
                   )
     vs.          )  **CASE NO.** _____
                   )         **(To be supplied by the Clerk)**
(1)_____ ,   )
(Full Name of Defendant)             )
(2)_____ ,   )
                   )  **CIVIL RIGHTS COMPLAINT**
(3)_____ ,   )       **BY A PRISONER**
                   )
(4)_____ ,   )  ☐ Original Complaint
     Defendant(s).    )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint

### A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
       ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
       ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
       ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                                  (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                                  (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                                  (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                  (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?  ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

    b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

    c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?          ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count I?          ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?          ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.


2.    **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.


3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.


4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.


5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes     ☐ No
    b.    Did you submit a request for administrative relief on Count II?     ☐ Yes     ☐ No
    c.    Did you appeal your request for relief on Count II to the highest level?     ☐ Yes     ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes   ☐ No
  b.   Did you submit a request for administrative relief on Count III?                  ☐ Yes   ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?         ☐ Yes   ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____              _____
                              DATE                                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.