**WO**  RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Charles Johnson, | No. CV 08-009-PHX-MHM (GEE) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendants. | |

Pending before this Court is Plaintiff's First Amended Complaint (Doc. #8) (Amended Complaint). The Court will dismiss the Amended Complaint and this action for failure to state a claim upon which relief may be granted.

**I.    Procedural Background**

On January 2, 2008, Plaintiff Edward Charles Johnson, who is confined in the Arizona State Prison Complex (ASPC)-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). Plaintiff did not immediately pay the $350.00 civil action filing fee or file an Application to Proceed *In Forma Pauperis*.

By Order filed January 15, 2008 (Doc. #3), the Court gave Plaintiff 30 days from the filing date of the Order to pay the fee or file a completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement from the Central Office of the Arizona Department of Corrections (ADOC).

On January 31, 2008, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. #4), which the Court granted by Order filed July 11, 2008 (Doc. #6). On May 8, 2008, Plaintiff filed another Application to Proceed *In Forma Pauperis* (Doc. #5), which the Court denied as moot in its July 11, 2008 Order (Doc. #6).

The Court's Order also assessed an initial partial filing fee, denied Plaintiff's request in the Complaint for the appointment of counsel, and dismissed the Complaint (Doc. #1) for failure to state a claim. Plaintiff was given 30 days from the filing date of the Order to file a first amended complaint in compliance with the Order.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints and amended complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Amended Complaint will be dismissed for failure to state a claim, without leave to amend.

## III.    Amended Complaint

With regard to his Amended Complaint, Plaintiff should take notice that all causes of action alleged in an original complaint that are not alleged in an amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Amended Complaint with respect to only those Defendants specifically named in the Amended Complaint.

1  Named as Defendants in the Amended Complaint are: (1) Dora B. Schriro, ADOC
2  Director; (2) Rollins, Supervisor, Regional Director, ASPC-North Region Operations;
3  (3) Kimble, Supervisor, ADW, Rynning Unit, ASPC-Florence; (4) Long, Chief of Security,
4  Captain, Rynning Unit, ASPC-Florence; (5) Zaborsky, Supervisor of Corrections Officer
5  (CO) IVs, CO IV, Rynning Unit, ASPC-Florence; (6) Hook, Supervisor, Sergeant, Rynning
6  Unit, ASPC-Florence; (7) Stewart, Supervisor, Complex Warden, Rynning Unit, ASPC-
7  Florence; (8) Baltierra, Supervisor, ADW, Rynning Unit, ASPC-Florence; (9) Fansler,
8  Counselor, CO III, Rynning Unit, ASPC-Florence; and (10) Rice, Counselor, CO III,
9  Rynning Unit, ASPC-Florence.

10  Plaintiff alleges three counts in the Complaint. In Count I, Plaintiff claims his First
11 Amendment rights were violated when Defendant Hook yelled "racial profanities" at a group
12 of black inmates lined up for dinner and stated that the "South and slavery will r[]ise again,"
13 and when he told Plaintiff to "bring it on you Nigger and then physically assaulted him by
14 pressing his finger into [P]laintiff's face[,] nose[,] and chest areas numerous times trying to
15 provoke [P]laintiff to hit him."

16  In Count II, Plaintiff claims that his Eighth Amendment rights were violated when
17 Defendants Schriro, Rollins, Kimble, Stewart, Baltierra, Zaborsky, Long, Fansler, and Rice
18 failed to take action to halt the racial slurs and physical assaults by Defendant Hook and to
19 halt reprisals in the form of threats and harassment against Plaintiff for filing grievances
20 concerning Defendant Hook's "racial abuse."

21  In Count III, Plaintiff claims that his First Amendment rights were violated when
22 Defendants Schriro, Rollins, Kimble, Stewart, Baltierra, Zaborsky, Fansler, Rice, and Long
23 retaliated against Plaintiff for filing a formal grievance regarding Sgt. Hook's "racial abuse."

24  Plaintiff seeks a jury trial and punitive monetary damages.

25 **IV.  Failure to State a Claim**
26  **A.  Count I**
27  In Count I, Plaintiff claims his First Amendment rights were violated when Defendant
28 Hook yelled "racial profanities" at a group of black inmates lined up for dinner and stated

- 3 -

that the "South and slavery will r[]ise again," and when he told Plaintiff to "bring it on you Nigger and then physically assaulted him by pressing his finger into [P]laintiff's face[,] nose[,] and chest areas numerous times trying to provoke [P]laintiff to hit him."

Plaintiff's claim in Count I is essentially the same claim that he made in Count I of the original Complaint, except that instead of bringing his claim under the Eighth Amendment as he did in the original Complaint, he has brought the claim in the Amended Complaint under the First Amendment. However, Plaintiff does not explain how the actions of Defendant Hook about which he complains in Count I violated his First Amendment rights. Moreover, the Court is at a loss to see how any of Defendant Hook's actions, however repugnant they may have been, violated Plaintiff's First Amendment rights.

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d at 268.

Accordingly, Count I will be dismissed for failure to state a claim upon which relief may be granted.

**B.     Count II**

In Count II, Plaintiff claims that his Eighth Amendment rights were violated when Defendants Schriro, Rollins, Kimble, Stewart, Baltierra, Zaborsky, Long, Fansler, and Rice failed to take action to halt the racial slurs and physical assaults by Defendant Hook and to halt reprisals in the form of threats and harassment against Plaintiff for filing grievances concerning Defendant Hook's "racial abuse."

The Court has already found in Count I that Defendant Hook's conduct did not violate the First Amendment, and therefore, the failure of the above-listed Defendants to halt Defendant Hook's actions cannot form the basis of a § 1983 claim under the Eighth Amendment. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987) (state officials are

1 subject to suit under § 1983 only if "they play an affirmative part in the alleged deprivation
2 of constitutional rights."). In other words, Plaintiff cannot state a constitutional claim for
3 failure to take action to prevent conduct that itself was not violative of the Constitution.

4 Similarly, to the extent that Plaintiff is alleging that some of the above-named
5 Defendants failed to halt reprisals in the form of threats and harassment against Plaintiff for
6 filing grievances concerning Defendant Hook's actions, this claim must also fail. The
7 alleged reprisals at issue are characterized in Count III as retaliations that violate the First
8 Amendment. However, because the Court will find in Count III that Plaintiff has failed to
9 state a claim upon which relief may be granted with regards to these reprisals, Plaintiff
10 cannot state a constitutional claim in Count II for failure take action to halt reprisals.

11 Accordingly, Count II will be dismissed for failure to state a claim upon which relief
12 may be granted. In so doing, the Court notes that the only injury that Plaintiff alleges in
13 Count II is that the actions of the Defendants caused him "emotional, mental injuries." See
14 42 U.S.C. § 1997e(e) ("no federal civil action may be brought by a prisoner confined in a jail,
15 prison, or other correctional facility, for mental or emotional injury suffered while in custody
16 without a prior showing of physical injury").

17 **C.    Count III**

18 In Count III, Plaintiff claims that his First Amendment rights were violated when
19 Defendants Schriro, Rollins, Kimble, Stewart, Baltierra, Zaborsky, Fansler, Rice, and Long
20 retaliated against Plaintiff for filing a formal grievance regarding Defendant Hook's "racial
21 abuse." Plaintiff claims that, among other actions, these Defendant threatened to bring
22 disciplinary action against him and to place him on the grievance abuse list if he continued
23 to pursue his formal grievance.

24 As the Court noted in denying Plaintiff's similar retaliation claim brought under the
25 Eighth Amendment in the original Complaint, "[a] prisoner suing prison officials under
26 section 1983 for retaliation must allege that he was retaliated against for exercising his
27 constitutional rights and that the retaliatory action does not advance legitimate penological
28 goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813,

815-16 (9th Cir. 1994). Thus, to succeed on the merits of a retaliation claim, a prisoner must demonstrate that he was retaliated against for exercising his constitutional rights, and he must also demonstrate that the retaliatory action does not advance a legitimate penological goal, or is not narrowly tailored to achieve that goal. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff has again not alleged in Count III that the actions of Defendants Schriro, Rollins, Kimble, Stewart, Baltierra, Zaborsky, Fansler, Rice, and Long did not advance a legitimate penological goal, or were not narrowly tailored to achieve that goal.

Moreover, a viable claim of First Amendment retaliation must contain five elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not narrowly tailored to advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005). In addition to not alleging that the actions of Defendants Schriro, Rollins, Kimble, Stewart, Baltierra, Zaborsky, Fansler, Rice, and Long did not advance a legitimate penological goal, or were not narrowly tailored to achieve that goal, Plaintiff has also not asserted that the actions of these Defendants chilled his exercise of his First Amendment rights. Indeed, it appears from the Amended Complaint that Plaintiff has vigorously exercised his First Amendment rights.

Accordingly, Count III will be dismissed for failure to state a claim for relief upon which relief may be granted.

**V.    Dismissal of Amended Complaint Without Leave to Amend**

For the above reasons, the Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. In so doing, the Court notes that the Amended Complaint is very similar to Plaintiff's original Complaint which the Court dismissed with leave to amend.

Leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been

1 permitted to amend his complaint. <u>Sisseton-Wahpeton Sioux Tribe v. United States</u>, 90 F.3d
2 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the
3 factors to be considered in deciding whether justice requires granting leave to amend.
4 <u>Moore</u>, 885 F.2d at 538.

5 Plaintiff has been given an opportunity to amend his original Complaint to cure the
6 deficiencies and appears unable to do so. Further opportunities would be futile. Therefore,
7 the Court, in its discretion, will dismiss the Amended Complaint and this action without
8 leave to amend.

9 **IT IS ORDERED:**

10 (1) The Amended Complaint (Doc. #8) and this action **are dismissed for failure**
11 **to state a claim upon which relief may be granted**, and the Clerk of Court **must enter**
12 judgment accordingly.

13 (2) The Clerk of Court **must make an entry** on the docket stating that the
14 dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

15 DATED this 7th day of October, 2008.

_____
Mary H. Murguia
United States District Judge